UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

U. S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED   JAN 2 9 2001
LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| JOHN LOFORTE | * | CIVIL ACTION |
| | * | |
| | * | NO. 00-0115 |
| versus | * | |
| | * | SECT. B, MAG. (1) |
| WHO DAT TOWING, INC. | * | |
| and JOSEPH DOMINO, INC. | * | |
| | * | |

*************************************************************************

### MOTION IN LIMINE ON BEHALF OF DEFENDANT, WHO DAT TOWING, INC.

**NOW INTO COURT**, through undersigned counsel, comes defendant, Who Dat Towing, Inc., who moves this Honorable Court to exclude the testimony of Captain C. R. Davenport, plaintiff's purported safety expert, for the reasons more fully set forth in the attached Memorandum in Support.

                          Respectfully submitted,

                          _____
                          JEFFERSON R. TILLERY (BAR NO. 17831)
                          CHRISTOPHER S. MANN (BAR NO. 26397)
                          Jones, Walker, Waechter, Poitevent,
                          Carrère & Denègre, L.L.P.
                          201 St. Charles Avenue, 48th Floor
                          New Orleans, LA 70170-5100
                          Telephone: (504) 582-8000
                          **Attorneys for Defendant,
                          Who Dat Towing, Inc.**

N0617209.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record by depositing a copy of same in the United States Mail, properly addressed, postage prepaid, this <u>25th</u> day of January, 2001.

_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHN LOFORTE** | * | CIVIL ACTION |
| | * | |
| | * | NO. 00-0115 |
| versus | * | |
| | * | SECT. B, MAG. (1) |
| **WHO DAT TOWING, INC.** | * | |
| **and JOSEPH DOMINO, INC.** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**O R D E R**</u>

**Considering the above and foregoing;**

**IT IS ORDERED** that Defendant's Motion for Expedited Hearing is denied.

**IT IS FURTHER ORDERED** that Defendant's Motion for Extension of Pre-Trial deadlines is hereby GRANTED, extending the deadline for hearing motions in limine regarding the admissibility of expert testimony up to and including February 21, 2001.

**NEW ORLEANS, LOUISIANA** this the _____ day of _____, 2001.

_____
UNITED STATES DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHN LOFORTE** | * | CIVIL ACTION |
| | * | |
| | * | NO. 00-0115 |
| versus | * | |
| | * | SECT. B, MAG. (1) |
| **WHO DAT TOWING, INC.** | * | |
| **and JOSEPH DOMINO, INC.** | * | |
| | * | |

*************************************************************************

## NOTICE OF HEARING

TO:  Ronna M. Steele
     Attorney for Defendant
     301 Huey P. Long Ave.
     Suite 200
     Gretna, La. 70053

**PLEASE TAKE NOTICE** that defendant, Who Dat Towing, Inc., will bring on for hearing before this Honorable Court the attached Motion in Limine on the 21st day of February, 2001, at 9:00 a. m. or as soon thereafter as this Court deems appropriate.

N0617822.1

Respectfully submitted,

_____
JEFFERSON R. TILLERY (BAR NO. 17831)
CHRISTOPHER S. MANN (#26397)
Jones, Walker, Waechter, Poitevent,
 Carrere & Denegre, L.L.P.
201 St. Charles Ave., 48th Floor
New Orleans, LA 70170-5100
Tel: (504) 582-8000
Fax:(504) 582-8010
**ATTORNEYS FOR WHO DAT TOWING, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above has been sent to opposing counsel, by placing a copy of same in the U.S. mail, properly addressed, postage prepaid, this <u>25th</u> day of January, 2001.

_____

N0617822.1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN LOFORTE | * | CIVIL ACTION |
| | * | |
| | * | NO. 00-0115 |
| versus | * | |
| | * | SECT. B, MAG. (1) |
| WHO DAT TOWING, INC. | * | |
| and JOSEPH DOMINO, INC. | * | |
| | * | |

*************************************************************************

## O R D E R

Considering the above and foregoing,

**IT IS ORDERED** that the Motion in Limine on behalf of Defendant, Who Dat Towing, Inc., to exclude the testimony of Captain C. R. Davenport is hereby GRANTED.

**NEW ORLEANS, LOUISIANA**, this the ____ day of February, 2001.

_____
UNITED STATES DISTRICT COURT JUDGE

N0617209.1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHN LOFORTE** | * | CIVIL ACTION |
| | * | |
| | * | NO. 00-0115 |
| versus | * | |
| | * | SECT. B, MAG. (1) |
| **WHO DAT TOWING, INC.** | * | |
| **and JOSEPH DOMINO, INC.** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF MOTION IN LIMINE
### ON BEHALF OF DEFENDANT, WHO DAT TOWING, INC.

Plaintiff, John LoForte, alleges that on or about September 9, 1999, while temporarily employed by Who Dat Towing, Inc. ("Who Dat") as a deckhand aboard the M/V SCOT B, he allegedly injured his neck and right arm when he fell aboard a barge while untying a cable. The barge upon which plaintiff allegedly fell was neither owned nor operated by Who Dat, nor does plaintiff allege that any employee of Who Dat had ever stepped foot on the barge in question. Plaintiff alleges that his injuries were caused by the negligence of Who Dat and the unseaworthiness of the M/V SCOT B.

In support of his claim, plaintiff retained the services of Captain C. R. Davenport to render expert testimony in this case. Captain Davenport issued a four-page report on June 16, 2000. Captain Davenport's report states that he "reviewed several documents from the personnel file of Mr. LoForte and had a personal interview with [Mr. LoForte]"

in order to form his opinions. (See Report of Captain Davenport, dated June 16, 2000, attached hereto as Exhibit A). However, this statement is blatantly false as no personnel file on Mr. LoForte exists. In addition, Captain Davenport never inspected nor did he request to inspect the M/V SCOT B or the barge upon which Mr. LoForte allegedly fell. Therefore, the entirety of the opinions expressed by Captain Davenport are based solely on the information obtained in the "personal interview" with the plaintiff.

The circumstances surrounding Mr. LoForte's alleged injury are simple and straightforward. Mr. LoForte alleges that as he was pulling on a cable aboard the barge, the cable suddenly came free causing Mr. LoForte to lose his balance and fall to the deck of the barge. Based solely on this one interview with Mr. LoForte, Captain Davenport opines that the M/V SCOT B was unseaworthy "for improper training of personnel and failure to provide proper equipment to perform work in a safe manner." Captain Davenport further finds the owners negligent "in their responsibilities to properly instruct and train personnel in safe working practices." (See Exhibit A, pp. 3-4).

Defendant respectfully submits that plaintiff's allegations and the subject matter of Captain Davenport's report are straightforward and present no complex issues. This Court can use common sense to evaluate the simple facts surrounding plaintiff's alleged injury. In addition, since Captain Davenport's entire opinion is based solely on the facts gleaned from a "personal interview" with the plaintiff, the entirety of Captain Davenport's report is based on subjective information slanted through the words of the

individual who stands to gain the most from these proceedings. Captain Davenport's purported "expert" testimony is therefore inherently unreliable and covers matters which are clearly within the ordinary understanding of this Court. Accordingly, his report will not assist the trier of fact. It is unnecessary and superfluous and should therefore be excluded.

LAW AND ARGUMENT

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. This rule provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert, by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Fed. Rule of Evidence 702 (WEST 2001).

The standard as to whether expert testimony should be allowed is whether the testimony will "assist the trier of fact." Id. As one commentator has stated,

> There is no more certain test for determining whether experts may be used then the common sense inquiry whether the untrained laymen would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding and the subject involved in dispute."

Mason Ladd, Expert Testimony, 5 Vand. L. Rev. 414, 418 (1952).

Captain Davenport states that his report was based solely on one interview with the plaintiff and his review of "several documents" from Mr. LoForte's personnel file.

As stated previously, this latter assertion is false since no personnel file exists for Mr. LoForte, and Captain Davenport therefore could not have reviewed any documents from that file. Captain Davenport's opinions are based solely on one interview with the plaintiff. Based on this superficial investigation, Captain Davenport rendered the following opinions:

(1) "It is our opinion that Mr. LoForte was put into an unsafe working condition. He had only a small hand held flashlight that had to be put down as he pulled on the tangled ropes. He had no communication with the captain. He could not see the captain and had no chance to get hand signals. The captain was maneuvering the tug blindly without visual or radio contact with the deckhand."

(2) "The Who Dat Towing company took on a new deckhand without giving any safety instructions or proper communicating equipment."

(3) "We find the vessel "SCOTT B" unseaworthy for improper training of personnel and failure to provide proper equipment to perform work in a safe manner."

(4) "The owners were negligent in their responsibilities to properly instruct and train personnel in safe working practices." (See Exhibit A, pp. 3-4).

Captain Davenport's opinions, adopted solely from plaintiff's account, does not take into account plaintiff's own testimony that the absence of a radio and a flashlight played no role in his alleged incident.

Q. In your opinion what do you feel that Who Dat could have done that maybe would have prevented your accident from happening?

A. Maybe a radio and a flashlight would have helped.

Q. Describe how that would have helped?

A. I guess it would have helped. I don't know if it would have really helped. The way the accident happened, I wouldn't have had hands to do anything but do what I was doing. The radio would have been on the ground. The light would have been on the ground.

(Dp. of John LoForte taken 2/24/00, pp. 104-105, attached as Exhibit B).

In addition, Captain Davenport's report does not take into account plaintiff's own testimony that he may have tripped over cables that he, himself had improperly placed in the vicinity.

Q. You ran up against the port/bow?

A. Yeah. I still had cable. I couldn't get through getting all the cable off the barge yet.

Q. Was that the cable that you had removed from this cleat?

A. Right. It was still laying all over there.

Q. The cable that you had previously removed from the port/bow cleat was still on barge 1?

A. Right.

Q. You had not placed it back on barge 2 yet?

A. No.

(Dp. of John LoForte, pp. 56-57).

Q. You had mentioned that you tripped over cables?

A. I don't know what I tripped over. It could have been the cable. It could have been the cleat. It could have been - I don't know. It was the cable or the cleat.

  Q. Somehow you tripped?

  A. Right. I was going backwards with the cable and I went down.

(See Exhibit B, p. 58).

Mr. LoForte's alleged injury occurred while he was in the process of performing the most basic of deckhand duties, untying a cable that tied two barges together. There was nothing complex about this task, nor was any specialized training required. In addition, Captain Davenport's report contains no mention of Mr. LoForte's extensive experience as a deckhand with other companies. Captain Davenport's report is obviously not "scientific" "technical" or "specialized" which would assist the Court in understanding the facts and evidence as required by Federal Rule of Evidence 702.

Captain Davenport's proposed "expert" testimony in this case is similar to the expert testimony that the Fifth Circuit found properly excluded in <u>Peters v. Five Star Marine Services</u>, 898 F.2d 448 (5th Cir. 1990). In <u>Peters</u>, the Fifth Circuit affirmed the District Court's refusal to allow Captain Davenport to testify as an expert witness under Federal Rule of Evidence 702. In <u>Peters</u>, the plaintiff was a roustabout on an offshore drilling platform who slipped and fell while offloading machinery from a supply boat in rough seas. He brought suit against the supervisor of the drilling operation and against the owner of the supply boat, claiming that the offloading operation should have been suspended because of the rough weather and, additionally, that the vessel owner permitted diesel fuel to spill onto the deck of the vessel, creating the hazard which

N0617327 1           6

caused him to slip. Id. at 448-49. The plaintiff sought to introduce the testimony of Captain Davenport to testify as to the supply vessel's obligation to keep the deck clean and to keep the cargo properly stowed, the hazards of offloading a vessel at seas over 4 to 5 feet and the responsibility of the master and crew of the vessel to end offloading procedures when dangerous weather conditions exist. Id. at 449.

The district judge disallowed Captain Davenport's testimony since the matters on which the expert was to testify were within the common understanding of lay jurors and did not require expert amplification. In disallowing Captain Davenport's testimony, the District Court in Peters stated to the jury:

> My ruling that [Davenport] is not going to testify has nothing to do with his competence or his experience or lack thereof, but rather, I rule that the subject matter that he was going to discuss, and the opinions that he was going to express to you are matters that you can competently deal with based on your common sense and your knowledge of the world, things such as waves and whether they are dangerous, and seas, and that sort of thing. Unlike if we held up an x-ray to the jury and said "look, see this broken bone," you wouldn't see it; at least, you wouldn't see it in a lot of them, I promise you, and you would need a physician to tell you that that's a broken bone.
>
> The kind of testimony that the Captain was going to offer was not that kind of testimony, but rather, the kind of things that you and I encounter in our normal every day living, and not like an x-ray, the things that you can handle without anybody giving opinions to you. They are the kind of things within the knowledge of typical people, and that's why I ruled that the testimony was not going to be offered.

Id. at 449.

The Fifth Circuit agreed with the District Court and found that the proposed testimony was not in an area outside of "the average juror's knowledge and experience." Id. at 450. The Court concluded that where the jury can "adeptly assess [the] situation using only their common experience and knowledge", expert testimony is "unnecessary" and should be excluded. Id. at 450.

Following Peters, numerous Louisiana federal district court judges have consistently excluded various types of marine liability and safety experts on the grounds that their opinions would not aid the trier of fact in understanding the evidence, and, thus, are unnecessary for the determination of the facts or the rights and obligations of the parties. In Gayle v. Louisiana Dock Co., LLC, 2000 WL 1059815 (E.D. La. July 31, 2000), Captain Davenport's testimony was again excluded on similar grounds. In Gayle, the plaintiff alleged that he was injured while transferring coils of cable between two tug boats. Captain Davenport based his opinion on an interview with the plaintiff, a review of the Coast Guard's report of the accident and a review of the booklet of Safety Rules that the plaintiff has signed. Id. at *2. Captain Davenport opined that the failure of the plaintiff's supervisor to assist in transferring the coils was a direct cause of plaintiff's injuries. Id. In granting defendant's Motion in Limine, Judge Vance stated:

> The Court agrees with defendant that Captain Davenport's report contains nothing that an ordinary fact finder, using common sense and general knowledge, could not also adequately assess. It does not require specialized knowledge to determine whether a supervisor reasonably refused assistance to a fellow employee charged with lifting heavy

> objects over a certain height to clear a railing, and thus caused the employee's subsequent injuries.
>
> . . .
>
> Plaintiff has provided the Court with no information to suggest that any equipment unique to the maritime industry or any technical maneuvers caused his injuries.

Id. at *2.

See also, Faye v. Lytal Marine Operators, Inc., 2000 WL 19474 (E.D. La. January 11, 2000) ("expert testimony excluded since "report does not criticize or recommend any specific, technical maneuvers ... or any modification of technical equipment; it merely asserts that he should not have conducted the operation under the existing conditions."); Bouton v. Kim Susan, Inc., 1997 WL 61450 (E.D. La. February 6, 1997) (expert's opinion that "the ship's captain failed to provide plaintiff with a clean, safe workplace and that this violated [defendant's] safety manual" was unhelpful and required no expertise); Johnson v. Pool Company of Texas, 1994 WL 643113 (E.D. La. November 14, 1994) ("the jury in this case can reasonably understand and evaluate the relatively simple mechanics of a personnel basket"); Pope v. Chevron USA, Inc., 1994 WL 179938 (E.D. La. April 23, 1994) ("the jury members in this case can competently deal with the facts and issues here ... based upon their own common sense, experience and knowledge of the need for such so called "expert" testimony"); Williams v. Eckstein Marine Services, Inc., 1992 WL 373616 (E.D. La. December 9, 1992); Ryan v. Transworld Drilling Co., 1991 WL 278674 (E.D. La. December 20, 1991) ("a jury is capable of

N0617327.1                               9

understanding the mud in a work area may be slippery, and that pipes or casings may not provide an ideal work surface"). For the convenience of the Court, these decisions are attached herein *in globo* as Exhibit C.

As in Peters, Gayle and the other cases cited above, this Court can competently understand and evaluate the simple facts and issues of this case based on common sense, common experience and personal knowledge without the need for such purported "expert" testimony. Captain Davenport's opinion does not involve any scientific, technical or specialized knowledge which would be of any assistance to the trier of fact of this case. Notwithstanding Mr. LoForte's own testimony, Captain Davenport bases his opinions on the absence of a radio and of a flashlight. These items are by no means "equipment unique to the maritime industry" nor does the untying of a cable constitute a "technical maneuver". Just as the expert testimony was unnecessary for the Peters jury to decide whether it was reasonable or safe for the plaintiff to offload cargo in rough seas, expert testimony is here unnecessary to evaluate whether Mr. LoForte was improperly trained or not provided with sufficient equipment. Captain Davenport reached conclusory opinions which, if merited, could easily be reached by this Honorable Court on its own.

If this Honorable Court determines that based upon the facts and evidence presented at trial that plaintiff did suffer an injury while employed by Who Dat that was caused at least in part by some negligent act on the part of Who Dat or an unseaworthy

condition aboard the M/V SCOT B, this Court will be able to reach that decision on its own without any reliance on the baseless, speculative and conclusory opinions of Captain Davenport.

For the foregoing reasons, defendant respectfully urges this Court to enter a ruling in limine excluding Captain Davenport's testimony because it will not assist the trier of fact in evaluating the simple facts of this case.

> Respectfully submitted,
>
> _____
> JEFFERSON R. TILLERY (BAR NO. 17831)
> CHRISTOPHER S. MANN (BAR NO. 26397)
> Jones, Walker, Waechter, Poitevent,
> Carrère & Denègre, L.L.P.
> 201 St. Charles Avenue, 48th Floor
> New Orleans, LA 70170-5100
> Telephone: (504) 582-8000
> **Attorneys for Defendant,**
> **Who Dat Towing, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record by depositing a copy of same in the United States Mail, properly addressed, postage prepaid, this 25th day of January, 2001.

_____

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**