UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN LOFORTE | * | CIVIL ACTION NO. 00-0115 |
| | * | |
| VERSUS | * | SECTION B |
| | * | |
| WHO DAT TOWING, INC. AND | * | MAGISTRATE (1) |
| JOSEPH DOMINO, INC. | * | |

### MEMORANDUM IN OPPOSITION TO MOTION IN LIMINE AND IN SUPPORT OF EXTENDING CUTOFF DATE FOR EXPERT REPORTS

MAY IT PLEASE THE COURT:

This matter is currently scheduled for trial on the merits on March 26, 2001. All counsel have agreed to an Unopposed Motion to Continue the trial, which is also being filed this date. Defendant brings its Motion in Limine, asking the Court to exclude the testimony of Plaintiff's expert, Captain Davenport.

Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge
> will assist the trier of fact to understand the evidence
> or to determine a fact in issue, a witness qualified as
> an expert by knowledge, skill, experience, training or
> education, may testify thereto in the form of an
> opinion or otherwise.

It is well-settled that the decision to admit expert testimony and the weight to be afforded that testimony is within the sound discretion of the trial court. See Perkins v. Volkswagen of America, Inc., C.A.5 (La.) 1979, 596 F.2d 681.

```
___Fee_____
___Process____
_X_Dktd_____
___CtRmDep____
   Doc.No. 34
```

In the matter at bar, Plaintiff retained the services of Captain Davenport in order to assist the trier of fact in understanding the common practices employed aboard barges and tugs. Unfortunately, since the date of Captain Davenport's report, he has died. Defendant's Motion in Limine has become moot.

However, on December 27, 2000, Plaintiff moved this Honorable Court for an Enlargement of Time to Submit Expert Reports, in light of the death of Captain Davenport. The deadline was extended until January 17, 2001, but the notice of the extension was received on January 8, 2001, which left only 9 days within which to obtain a new expert and a report. Plaintiff has consulted with a new expert, but was not afforded a meaningful opportunity to get a report submitted.

In addition, Plaintiff has recently been referred to a pain management clinic, as evidenced by the most recent report from his treating physician, Dr. Ploger. That report is attached hereto as Exhibit "1". It is likely that an additional medical expert will be necessary to adequately explain Plaintiff's current medical status at trial.

Because all parties have consented to continue trial of this matter and because Captain Davenport is not available to testify, rendering Defendant's Motion in Limine moot, Plaintiff submits that the trial should be continued and new deadlines should be created, in order to afford Plaintiff a realistic

opportunity to obtain expert testimony regarding the liability issues and to obtain an additional medical expert, as recommended by his treating physician.

Respectfully submitted,

*[signature]*
Ronna M. Steele (#20006)
301 Huey P. Long Avenue
Gretna, Louisiana 70053
(504) 361-4433
(504) 361-8288 (fax)

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading was served upon all counsel of record this 6th day of February, 2001, by placing a copy of same in the US Mail, properly addressed, postage prepaid.

*[signature]*